**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**FREDERICK J. NERONI,**

|  |  |
|---|---|
| **Plaintiff,** | **3:12-cv-1226** |
|  | **(GLS/DEP)** |
| **v.** | |

**CARL F. BECKER et al.,**

**Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Neroni Law Office | TATIANA NERONI, ESQ. |
| 203 Main Street | |
| Delhi, NY 13753 | |
| | |
| **FOR THE DEFENDANTS:** | |
| HON. ERIC T. SCHNEIDERMAN | DOUGLAS J. GOGLIA |
| New York State Attorney General | Assistant Attorney General |
| The Capitol | |
| Albany, NY 12224 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Frederick J. Neroni commenced this action against

defendants Carl F. Becker, "in his individual capacity and in his official

capacity as Delaware County Surrogate's Court Justice and as Acting

Supreme Court Justice, Delaware County," and the State of New York, alleging judicial bias and unconstitutional application of state laws in an underlying and ongoing state action.  (Compl., Dkt. No.1 ¶ 4; Am. Compl., Dkt. No. 12, Attach. 2 ¶ 4.)  Pending are defendants' motion to dismiss, (see Dkt. No. 7), and Neroni's motion seeking leave to amend his Complaint and for partial summary judgment, (see Dkt. No. 12).  For the reasons that follow, Neroni's motion to amend is granted and his Amended Complaint is deemed filed, his motion for partial summary judgment is denied, and defendants' motion to dismiss is granted.

## II.  Background[1]

This action is predicated on purported personal vendettas, judicial improprieties, and the unconstitutional application of New York statutes in an underlying civil action in which Neroni is presently a defendant.  (See Am. Compl. ¶¶ 1-28.)  In the underlying state case, the children of a former Neroni client brought suit against him in Delaware County, alleging,

---

[1] Despite the minimal revisions which it encompasses, Neroni's proposed Amended Complaint is adopted and deemed filed and controlling.  (See Am. Compl.)  Accordingly, further filing and service pursuant to N.D.N.Y. L.R. 7.1(a)(4) are not required.  The facts are drawn from the Amended Complaint, unless otherwise noted, and are presented in a light most favorable to Neroni.  (See Am. Compl.)

*inter alia*, violation of N.Y. Judiciary Law § 487.[2]  (*See id.* ¶¶ 6, 9); *see also*

*Mokay v. Mokay*, 67 A.D.3d 1210, 1211 (3d Dep't 2009).  Partial summary

judgment on the question of section 487 liability was entered against

Neroni and subsequently affirmed by the Appellate Division, Third

Department.  (*See* Am. Compl. ¶ 7); *see also Mokay*, 67 A.D.3d at 1211-

13.  A trial on the issue of damages is pending.[3]  (*See* Dkt. No. 7, Attach. 1

at 4.)

At the time the instant action was commenced, Justice Becker

presided over the underlying state claim in his role as Acting Supreme

Court Justice.  (*See* Am. Compl. ¶¶ 8, 44.)  Neroni insists, however, that

---

[2] N.Y. Judiciary Law § 487 provides, in relevant part:

> An attorney or counselor who: (1) [i]s guilty of any deceit or
> collusion, or consents to any deceit or collusion, with intent to
> deceive the court or any party . . . [i]s guilty of a misdemeanor,
> and in addition to the punishment prescribed therefore by the
> penal law, he forfeits to the party injured treble damages, to be
> recovered in a civil action.

[3] Neroni's Complaint indicated that a jury trial on damages was
scheduled for August 21, 2012.  (*See* Dkt. No. 1 ¶ 15.)  Despite bearing a
date of September 25, 2012, Neroni's Amended Complaint contains that
same contention.  (*See* Am. Compl. ¶ 15.)  Neroni, however, has offered
no objection to defendants' repeated explanation that the trial on damages
has been adjourned without date.  (*See* Dkt. No. 7, Attach. 1 at 4; Dkt. No.
7, Attach. 3).

3

Justice Becker fosters a decades-old bias against him, as evidenced by a

litany of personal and professional acts of animus, including: prejudging

damages while acting as Surrogate Court Judge; allowing opposing

litigants to ignore legal requirements; disparaging Neroni in private and in

open court; using body language to show disfavor to Neroni's legal

arguments; coaching opposing counsel; unlawfully financing the underlying

state action through the award of fees in a Surrogate Court proceeding;

and hiding transcripts.  (*See id.* ¶¶ 16-26, 45, 47, 58-106.)  After the instant

action was commenced, however, Justice Becker recused himself from the

state action.  (*See id.* ¶ 56A; Dkt. No. 7, Attach. 1 at 1.)

### III.  Procedural History

On August 6, 2012, Neroni filed an Order to Show Cause seeking

various forms of preliminary and permanent injunctive relief.  (*See* Dkt. No.

4.)  After the court denied that request, Justice Becker and the State of

New York moved to dismiss Neroni's Complaint pursuant to Fed. R. Civ. P.

12(b)(1) and (6).  (*See* Dkt. No. 7.)  In response, Neroni moved to amend

his Complaint and for partial summary judgment.  (*See* Dkt. No. 12.)

### IV.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) and 56 are well

settled and will not be repeated here.  For a full discussion of those

standards, the court refers the parties to its prior decisions in *Ellis v. Cohen*

*& Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010) and *Wagner*

*v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), respectively.

## V.  Discussion

## A.     Constitutional Arguments

Defendants contend that the abstention doctrine set forth in *Younger*

*v. Harris*, 401 U.S. 37 (1971), mandates dismissal of Neroni's constitutional

challenges.[4]  (*See* Dkt. No. 7, Attach. 1 at 12-13.)  Neroni counters that

*Younger* is a "politically tainted" and "shameful" opinion, and that the

---

[4] Neroni raises multiple constitutional challenges.  First, he argues under various theories that N.Y. Judiciary Law § 487 is unconstitutional, and that its application in the civil action against him represents a denial of his due process rights.  (*See* Am. Compl. ¶¶ 29-35B.)  As part of this argument, Neroni seeks partial summary judgment declaring that section 487 is criminal in nature.  (*See* Dkt. No. 12, Attach. 1 at 3-10.)  Next, he contends that, because it precludes him from videotaping court proceedings, and thereby preserving for appeal evidence of unfavorable judicial body language and mannerisms, N.Y. Civ. Rights Law § 52 is unconstitutional and violates his right to due process and a fair trial.  (*See* Am. Compl. ¶¶ 42-56B.)  Finally, Neroni argues that, because his legal counsel giving rise to the underlying action was not improper, he is being deprived of due process by the continued litigation of the pending state action.  (*See id.* ¶¶ 107-11.)  The court notes that, while Neroni references the Equal Protection Clause of the Fourteenth Amendment in the "Jurisdiction and Venue" section of his Amended Complaint, he articulates no discernible Equal Protection argument.  (*See id.* ¶ 1.)

doctrine of abstention which it articulates "is in itself unconstitutional."  (Dkt.

No. 12, Attach. 1 at 18.)  The court agrees with defendants.

In furtherance of the principles of comity and federalism, "*Younger*

generally prohibits courts from taking jurisdiction over federal constitutional

claims that involve or call into question ongoing state proceedings so as to

avoid unnecessary friction."  *Spargo v. N.Y. State Comm'n on Judicial*

*Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) (internal quotation marks and

citation omitted).  Specifically, *Younger* mandates abstention "when: (1)

there is a pending state proceeding, (2) that implicates an important state

interest, and (3) the state proceeding affords the federal plaintiff an

adequate opportunity for judicial review of his or her federal constitutional

claims."  *Id.*  Although *Younger* abstention originated in relation to criminal

prosecutions, it has since been extended to the civil context.  *See*

*Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992).

Even where the *Younger* elements are met, "a federal court may still

intervene in state proceedings if the plaintiff demonstrates bad faith,

harassment or any other unusual circumstance that would call for equitable

relief."  *Spargo*, 351 F.3d at 75 n.11.  To invoke the "bad faith" exception,

"the federal plaintiff must show that the state proceeding was initiated with

and is animated by a retaliatory, harassing, or other illegitimate motive."
*Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002).
Invocation of the "unusual circumstances" exception is appropriate only
where "the state court [is] incapable of fairly and fully adjudicating the
federal issues before it."  *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Here, the pending state proceeding implicates regulation of attorney
conduct, which is undoubtedly an important state interest.  *See Anonymous
v. Ass'n of the Bar of the City of N.Y.*, 515 F.2d 427, 432 (2d Cir. 1975).
Furthermore, Neroni makes no argument that he is or was precluded from
raising his constitutional challenges in the underlying state proceeding.
(*See* Dkt. No. 12, Attach. 1 at 17-19.)  Instead, he argues that to do so
would be "an exercise in futility" because "New York state courts have too
much of an [sic] reputational interest invested in ruling against" him, and
that "too many careers and public embarrassment are on the line for the
state courts to budge and admit to clear jurisdictional mistakes made in"
the state action.  (*Id.* at 10, 18 (emphasis in original).)

To the extent that this claim is an attempt to invoke the "unusual
circumstances" exception to *Younger*, it fails.  Neroni has provided nothing
beyond speculation and conjecture which would inspire in the court any

inkling that the state court is incapable of "fairly and fully adjudicating the federal issues" raised. *Kugler*, 421 U.S. at 124. Additionally, Neroni's concerns of prejudice by Justice Becker are assuaged by his recusal, and Neroni's contention that, in the wake of that recusal, the "New York State Supreme Court continues to assign to [his] cases disqualified judges" is supported only by irrelevant and conclusory speculation. (Am. Compl. ¶ 56A.) As such, Neroni has failed to meet his burden of establishing the applicability of a *Younger* exception.[5]

Accordingly, because each of the *Younger* elements is satisfied, and neither exception applies, the court must abstain from consideration of, and therefore dismiss, Neroni's constitutional claims.[6] *See Spargo*, 351 F.3d at

---

[5] In addition to the factual insufficiency of Neroni's argument, the legal arguments adduced by his counsel are, to put it mildly, unfounded. For instance, the contention that "*Younger* abstention is a creature of the cold war era" that "should not be on the books in the first place," (Dkt. No. 12, Attach. 1 at 18), fails to account for the extension of that doctrine over the subsequent four decades. Furthermore, despite Neroni's insistence that *Younger* abstention "allows the court to allow state courts to enforce in good faith, no less, *facially unconstitutional* actions by the government," (*id.*), *Younger* "rests foursquare on the notion that, in the ordinary course, a state proceeding provides an adequate forum for the vindication of federal constitutional rights," *Diamond "D" Const. Corp.*, 282 F.3d at 198 (internal quotation marks and citations omitted).

[6] Although abstention "is mandatory when the requirements for *Younger* . . . are satisfied, *Younger* is not a jurisdictional bar based on

74.  Because Neroni's motion for partial summary judgment is part and

parcel of his constitutional challenge of N.Y. Judiciary Law § 487,

application of *Younger* abstention requires denial of that motion as well.[7]

## B.   Remaining Requests for Relief

In addition to redress for alleged constitutional infirmities, Neroni

seeks both prospective and retrospective injunctive relief relating to Justice

Becker.  (*See* Am. Compl. ¶ 106.)  These claims, too, require dismissal.

First, despite Justice Becker's recusal in the underlying action, Neroni

requests that he be "permanently enjoined from presiding over cases

where [Neroni] is a party."  (*Id.*)  A party seeking permanent injunctive relief

"must demonstrate (1) irreparable harm . . . and (2) actual success on the

merits."  *Ognibene v. Parkes*, 671 F.3d 174, 182 (2d Cir. 2011).

"Irreparable harm is an injury that is not remote or speculative but actual

and imminent, and for which a monetary award cannot be adequate

compensation."  *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d

---

Article III requirements, but instead a prudential limitation on the court's
exercise of jurisdiction grounded in equitable considerations of comity."
*Spargo*, 351 F.3d at 74.

   [7] Additionally, Neroni failed to comply with N.D.N.Y. L.R. 7.1(a)(3),
which, in and of itself, constitutes sufficient grounds for denial of his
motion for partial summary judgment.

27, 37 (2d Cir. 1995) (internal quotation marks and citation omitted).

Plainly, Neroni's pleadings fail to satisfy either prong, and defendants'

motion to dismiss is granted as to this request.[8]  *See Shelly v. Brandveen*,

No. 06 CV 1289, 2006 WL 898071, at *2-3 (E.D.N.Y. Apr. 3, 2006); *see*

*also Rosendale v. Lankenau Kovner & Bickford*, No. 89 CIV. 5382, 1989

WL 151235, at *5 (S.D.N.Y. Dec. 6, 1989) ("The decision of a state judge to

recuse himself is a matter of state court concern.  Plaintiff may proceed

through the appellate process of the New York state courts if he so

wishes.").

  Next, Neroni requests that "all [of Justice] Becker's decisions in cases

where [Neroni] was a party [be] voided."  (Am. Compl. ¶ 106.)  Because the

Eleventh Amendment "prohibits an action in federal court seeking

retrospective relief against a State," this claim is also dismissed.[9]  *Colbeth*

_____

  [8] The court notes that, in light of the immunity enjoyed by state court
judges relating to acts taken in their judicial capacity, at least one similar
request for prospective injunctive preclusion brought within this Circuit was
found to be frivolous.  *See Montesano v. New York*, No. 05 CV
9574(GBD), 05 CV 10624(GBD), 2006 WL 944285, at *5 (S.D.N.Y. Apr.
12, 2006).

  [9] Neroni's counsel makes multiple baseless legal arguments
regarding sovereign immunity.  For example, her contention that the
Eleventh Amendment permits suits by citizens of a state against their own
State, and that any Supreme Court interpretation otherwise "does not

10

*v. O'Rourke*, 707 F.2d 57 (2d Cir. 1983); *see Montesano v. New York*, No.

05 CV 9574 (GBD), 05 CV 10624(GBD), 2006 WL 944285, at *4 (S.D.N.Y.

Apr. 12, 2006) ("Neither damages, injunctive nor declaratory relief is

available to be used as a vehicle for disgruntled litigants to reverse adverse

judgments."); *see also MacPherson v. Town of Southampton*, 664 F. Supp.

2d 203, 211 (E.D.N.Y. 2009) ("[T]o the extent Plaintiffs' declaratory claims

are retrospective in nature in that they seek a declaration that the Justices'

past [actions] violated the Constitution, they are barred by the doctrine of

absolute immunity.")

Accordingly, Neroni's requests that Justice Becker be permanently

enjoined from presiding over cases in which he is a party, and that any

decision made by Justice Becker in a case in which he was formerly a

party be voided, are dismissed.

## C.   Costs, Attorneys' Fees and Sanctions

---

control and is void," (Dkt. No. 12, Attach. 1 at 21), is in direct conflict with
nearly 123 years of such Supreme Court precedent, *see Hans v.
Louisiana*, 134 U.S. 1 (1890).  Neroni's counsel takes aim next at the
Constitution itself, arguing that "the so-called 'sovereign immunity' does
not take into account the fact that the sovereign in the State of New York
is the People, not the government, and thus the doctrine of sovereign
immunity does not have a conceivable legal basis."  (Dkt. No. 12, Attach. 1
at 21.)  To this, the court directs counsel to the text of the Eleventh
Amendment and Fed. R. Civ. P. 11(b)(2).

11

In requesting dismissal of Neroni's claims, defendants seek costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.  (*See* Dkt. No. 7, Attach. 1 at 16.)  Because defendants did not provide any documentation upon which the court could quantify costs or attorneys' fees, however, this request is denied with leave to renew.[10]

## VI.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Neroni's motion to amend is **GRANTED** and his Amended Complaint (Dkt. No. 12, Attach. 2) is adopted and deemed filed; and it is further

**ORDERED** that Neroni's motion for partial summary judgment (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 7) is **GRANTED** with the exception that defendants' request for costs and attorneys' fees is **DENIED with leave to renew**; and it is further

**ORDERED** that Neroni's Amended Complaint (Dkt. No. 12, Attach. 2) is **DISMISSED**; and it is further

---

[10] While Neroni's counsel argues against the imposition of sanctions, (*see* Dkt. No. 9 at 3; Dkt. No. 12, Attach. 3 ¶¶ 12-13, 15-16), no Rule 11 motion is presently before the court.

**ORDERED** that the clerk close the case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

13