UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK J. NERONI,

              Plaintiff,           3:12-cv-1226
                                                     (GLS/DEP)
        v.

CARL F. BECKER et al.,

              Defendants.
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Neroni Law Office                  TATIANA NERONI, ESQ.
203 Main Street
Delhi, NY 13753

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     DOUGLAS J. GOGLIA
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction[1]

---

[1] Although Neroni filed a Notice of Appeal, (*see* Dkt. No. 30), the court maintains residual jurisdiction over collateral matters such as attorneys' fees and costs. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

Plaintiff Frederick J. Neroni commenced this action against defendants Carl F. Becker, "in his individual capacity and in his official capacity as Delaware County Surrogate's Court Justice and as Acting Supreme Court Justice, Delaware County," and the State of New York, alleging judicial bias and unconstitutional application of state laws in an underlying and ongoing state action. (Compl., Dkt. No.1 ¶ 4; Am. Compl., Dkt. No. 12, Attach. 2 ¶ 4.) Pending is defendants' motion for costs and attorneys' fees in the sum of $6,997.50 against both Neroni and his attorney. (*See* Dkt. No. 21.) For the reasons that follow, the motion is granted.

## II. **Background**

On August 24, 2012, Becker and the State of New York moved to dismiss Neroni's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and also requested attorneys' fees. (*See* Dkt. No. 7.) Neroni responded with a motion seeking partial summary judgment and leave to amend his Complaint. (*See* Dkt. No. 12.) In a December 21, 2012 Memorandum-Decision and Order, the court granted Neroni's motion to amend his Complaint, denied his motion for partial summary judgment, and granted defendants' motion to dismiss. (*See* Dkt. No. 19.) Defendants' request for

attorneys' fees and costs was denied with leave to renew. (*See id*.)

### III. **Legal Standard**

Generally, the so-called "American Rule" mandates "each party to bear his own litigation expenses, including attorney's fees, regardless whether he wins or loses." *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011). "Notwithstanding the American Rule, however, [the Supreme Court has] long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013). In addition to the court's inherent power, Congress has enacted fee shifting provisions which permit a prevailing party to recoup costs in certain types of cases. *See Fox*, 131 S. Ct. at 2213 (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). To this end, 42 U.S.C. § 1988(b) authorizes courts to award "a reasonable attorney's fee as part of the costs" to the prevailing party in any action brought under, *inter alia*, section 1983. Although available to both parties, attorneys' fees may only be awarded to a defendant if either the entirety, or a part, of the "plaintiff's action was frivolous, unreasonable, or without foundation." *Fox*, 131 S. Ct. at 2213 (internal quotation marks and citations omitted). In making this

3

determination, and thereafter calculating the reasonable fee, trial courts are granted "substantial deference." *Id.* at 2216. "[R]ough justice," and not "auditing perfection" is the goal of the fee shifting provision. *Id.* Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

In addition to 42 U.S.C. § 1988, "which shifts attorneys' fees from one party to another," *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986), 28 U.S.C. § 1927 provides that, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Imposition of "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Oliveri*, 803 F.2d at 1273.

## IV. <u>Discussion</u>

Neroni raises a number of objections to defendants' motion, all of which fall into one of three general categories: the permissibility of the motion in the first instance; the merits of defendants' allegations; and the

4

sufficiency of defendants' records.  (*See generally* Dkt. No. 32, Attach. 5.)  The court is unpersuaded by Neroni's arguments.[2]

Initially, Neroni argues that, because defendants did not seek and receive leave from the court to move pursuant to 28 U.S.C. § 1927 and the court's inherent power to assess attorneys' fees, defendants' motion in both regards must be dismissed.  (*See id*. at 6-7.)  In the same vein, Neroni claims that the court is without jurisdiction to consider the instant motion in light of the issuance of judgment in favor of defendants on December 21, 2012.  (*See id*. at 6.)  The "[Supreme] Court has indicated, [however,] that motions for costs or attorney's fees are independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree."  *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 395 (1990) (internal quotation marks and citation omitted); *see also Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995) ("[T]he district court had subject matter

---

[2] It bears noting that Neroni incorrectly insists that the court dismissed his Amended Complaint sua sponte.  (*See, e.g.*, Dkt. No. 32, Attach. 5 at 6, 8.)  Instead, the court adopted and deemed filed Neroni's Amended Complaint—which contained "minimal revisions"—and dismissed that pleading based on the arguments contained in the parties' previously-filed motion papers.  (Dkt. No. 19 at 2 n.1.)

5

jurisdiction to entertain the motion for attorneys' fees pursuant to 42 U.S.C. § 1988 even after it dismissed the underlying complaint."). Consistent with this principle, Fed. R. Civ. P. 54(d)(2) requires that a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment." Here, defendants complied with Rule 54(d)(2) by filing the instant motion ten days after judgment was entered in their favor, and the pending motion is therefore properly before the court for consideration.

As for the merits of the instant motion, the court agrees with defendants' contention that "this action, and the arguments adduced in opposition to [d]efendants' [m]otion to [d]ismiss, were baseless, without foundation, and vexatious." (Dkt. No. 21, Attach. 1 at 2.) Neroni argues, however, that the court's reliance on the *Younger* abstention doctrine, judicial immunity, and sovereign immunity render application of 42 U.S.C. § 1988(b) inappropriate. (*See* Dkt. No. 32, Attach. 5 at 7-9.) Although there are divergent views on the applicability of 42 U.S.C. § 1988(b) where claims are dismissed based on abstention principles, *compare D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013), *with Elwood v. Drescher*, 456 F.3d 943, 948 (9th Cir. 2006), it appears as though the Second Circuit may permit such application, *see*

*Galvin v. New York*, 216 F.3d 1072 (2d Cir. 2000).

Even if a portion of defendants' request falls outside the scope of 42 U.S.C. § 1998(b), however, recovery of the full attorneys' fee request is appropriate pursuant to the court's inherent power to award such fees. For the reasons articulated in the court's December 21, 2012 Memorandum-Decision and Order, and because Neroni's submissions throughout have been rife with conjecture, irrelevant personal accusations, and a blatant disregard for well-settled legal principles,[3] the court finds that both Neroni and his attorney, Tatiana Neroni, brought and pursued this action in bad faith. *See United States v. Seltzer*, 227 F.3d 36, 41 (2d Cir. 2000) ("When

---

[3] While not exhaustive, Neroni's treatment of sovereign immunity is instructive. In its December 21, 2012 Memorandum-Decision and Order, the court, citing *Hans v. Luisiana*, 134 U.S. 1 (1890), characterized as baseless Neroni's argument that the Eleventh Amendment permits suit against a state by citizens of that state. (Dkt. No. 19 at 10 n.9.) Taking umbrage with that characterization, Neroni pointed to a passage in *Alden v. Maine*, 527 U.S. 706, 713 (1999), in which the Supreme Court noted that "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." (Dkt. No. 32, Attach. 5.) A full reading of *Alden*, however, in which the Supreme Court provides a thorough historical accounting of sovereign immunity jurisprudence, makes clear both that "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today," and that *Hans* established the proposition that "sovereign immunity bar[s] a citizen from suing his own state under the federal-question head of jurisdiction." 527 U.S. at 713-28.

a district court invokes its inherent power to impose attorney's fees or to punish behavior by an attorney . . . [it] must make an explicit finding of bad faith."). Similarly, based on a finding of bad faith, and in light of the repetitive assertion of spurious and baseless legal arguments, Neroni's counsel, Tatiana Neroni is also liable for defendants' attorneys' fees pursuant to 28 U.S.C. § 1927.

Finally, the court finds the requested hourly rate and time expended by defendants' attorney, Assistant Attorney General Douglas Goglia, to be reasonable, and the time records provided by him to be sufficiently detailed. While Neroni seeks to exclude the 0.2 hours spent by Goglia reviewing *Shields v. Carbone*, 99 A.D.3d 1100 (3d Dep't 2012), because the purported review date is listed as eight days prior to the issuance of that decision, the court credits Goglia's explanation that this discrepancy is the result of a typographical error, and includes the time spent on that review. (*See* Dkt. No. 32, Attach. 5 at 18-19; Dkt. No. 21, Attach. 3 at 1-2.) The court is similarly unpersuaded by Neroni's attack on the relevancy of Goglia's review of various state court cases, as well as his "unclean hands" argument. (*See* Dkt. No. 32, Attach. 5 at 17-18.) As such, Neroni and his counsel, Tatiana Neroni, are jointly and severally liable for defendants'

costs and attorneys's fees totaling $6,997.50.

## VI. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for costs and attorneys' fees is **GRANTED**; and it is further;

**ORDERED** that Neroni and his attorney, Tatiana Neroni are jointly and severally liable for defendants' costs and attorneys' fees totaling $6,997.50; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 12, 2013
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court