UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK J. NERONI,

                Plaintiff,                3:12-cv-1226
                                                  (GLS/DEP)

        v.

CARL F. BECKER et al.,

                Defendants.
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Neroni Law Office                         TATIANA NERONI, ESQ.
203 Main Street
Delhi, NY 13753

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN       DOUGLAS J. GOGLIA
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Frederick J. Neroni commenced this action against defendants Carl F. Becker, "in his individual capacity and in his official capacity as Delaware County Surrogate's Court Justice and as Acting

Supreme Court Justice, Delaware County," and the State of New York, alleging judicial bias and unconstitutional application of state laws in an underlying and ongoing state action. (Compl., Dkt. No. 1 ¶ 4; Am. Compl., Dkt. No. 12, Attach. 2 ¶ 4.) On December 21, 2012, the court granted defendants' motion to dismiss. (Dkt. No. 19.) On appeal, the Second Circuit affirmed in part, but vacated the court's decision to abstain from Neroni's constitutional claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and remanded the case with instructions to reconsider this issue. (Dkt. No. 42.) For the reasons that follow, the court concludes that abstention remains proper.

## II. Background[1]

### A. Facts

This action is predicated, in part, on the alleged unconstitutional application of New York statutes in an underlying state civil action, *Mokay v. Mokay*, No. 2007-695, in which Neroni, a former attorney, is a defendant. (Am. Compl. ¶¶ 1-28.) In *Mokay*, the children of a former Neroni client

---

[1] Familiarity with the underlying facts is presumed, but, for context, the court provides a brief recitation of the relevant facts. The facts are drawn from Neroni's amended complaint and presented in the light most favorable to him.

brought suit against him in Delaware County, alleging, among other things, a violation of N.Y. Judiciary Law § 487, which generally states that an attorney who intentionally deceives the court or a party is both guilty of a misdemeanor and liable to the injured party for treble damages in a civil proceeding. (*Id*. ¶¶ 6, 9); *see also Mokay v. Mokay*, 67 A.D.3d 1210, 1211 (3d Dep't 2009).

At the time this action was commenced, Justice Becker presided over the underlying state claim in his role as Acting Supreme Court Justice. (Am. Compl. ¶¶ 8, 44.) After the instant action was commenced, however, Justice Becker recused himself from the state action. (Dkt. No. 7, Attach. 1 at 1.) Ultimately, in *Mokay*, partial summary judgment on the question of § 487 liability was entered against Neroni and subsequently affirmed by the Appellate Division, Third Department. (Am. Compl. ¶ 7); *see also Mokay*, 67 A.D.3d at 1211-13. A trial on the issue of damages remains pending. (Dkt. No. 7, Attach. 1 at 4; Dkt. No. 45 at 4.) Ultimately, Neroni was disbarred based in large part on the misconduct at issue in *Mokay*. *See In re Neroni*, 86 A.D.3d 710, 710-11 (3d Dep't 2011).

## B. Procedural History

On August 6, 2012, Neroni moved for various forms of preliminary

and permanent injunctive relief by order to show cause. (Dkt. No. 4.) After the court denied that application, (Dkt. No. 6), defendants moved to dismiss Neroni's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Dkt. No. 7.) In response, Neroni moved to amend his complaint and for partial summary judgment. (Dkt. No. 12.)

On December 21, 2012, the court granted Neroni's motion to amend, deemed his amended complaint filed, denied his partial motion for summary judgment, and granted defendants' motion to dismiss. (Dkt. No. 19.) First, the court dismissed Neroni's constitutional claims after finding that it must, under the doctrine set forth in *Younger*, abstain from considering those claims. (Dkt. No. 19 at 5-9.) Second, the court held that Neroni's claims for retrospective relief relating to Justice Becker are barred by the Eleventh Amendment and his claims for prospective injunctive relief fail because Neroni could not demonstrate irreparable harm or success on the merits. (*Id.* at 9-11.)

Neroni appealed, (Dkt. No. 30), and while his appeal was pending, the Supreme Court decided *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013), which clarified the limited circumstances under which abstention is proper. Consequently, the Second Circuit affirmed the court's

4

dismissal of Neroni's requests for prospective and injunctive relief relating to Justice Becker, but vacated the court's decision to abstain from Neroni's constitutional claims pursuant to *Younger*, and remanded with instructions to consider whether abstention remains appropriate in light of the Supreme Court's recent decision in *Sprint*. (Dkt. No. 42.) Following remand, the court permitted the parties to brief the issue identified by the Circuit, (Dkt. No. 43); each party submitted a brief, (Dkt. Nos. 44, 45).

### III. <u>Standard of Review</u>

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of this standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. <u>Discussion</u>

Defendants contend that abstaining from considering the constitutionality of certain New York statutes[2] was appropriate because

---

[2] Neroni raises multiple constitutional challenges. First, he argues under various theories that N.Y. Judiciary Law § 487 is unconstitutional, and that its application in the civil action against him represents a denial of his due process rights. (Am. Compl. ¶¶ 29-35B.) Next, he contends that, because it precludes him from videotaping court proceedings, and thereby preserving for appeal evidence of unfavorable judicial body language and mannerisms, N.Y. Civil Rights Law § 52 is unconstitutional and violates his

5

*Mokay* is a state civil enforcement proceeding that is quasi-criminal in nature. (Dkt. No. 44 at 6-7.) Neroni, however, counters that abstention is improper because *Mokay* does not fit within any of the three circumstances under which the Supreme Court has held that abstention is mandated. (Dkt. No. 45 at 3-10.) The court agrees with defendants.

A.  *Younger* **Jurisprudence**

Because "*Sprint* was merely a restatement of the abstention principles found in the Court's existing precedent," *ACRA Turf Club, LLC v. Zanzuccki*, No. 13-3064, 2014 WL 1272859, at *3 (3d Cir. Mar. 31, 2014), a brief overview of *Younger* and its progeny is useful. In *Younger*, the Supreme Court held that federal courts may not enjoin pending state court criminal prosecutions absent special circumstances such as bad faith or harassment. 401 U.S. at 41, 54. Later, in *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), the Court expanded application of the abstention doctrine

---

right to due process and a fair trial. (*Id.* ¶¶ 42-56B.) Finally, Neroni argues that, because the legal counsel that he provided that gave rise to the underlying action was not improper, he is being deprived of due process by the continued litigation of the pending state action. (*Id*. ¶¶ 107-11.) The court notes that, while Neroni references the Equal Protection Clause of the Fourteenth Amendment in the "Jurisdiction and Venue" section of his Amended Complaint, he articulates no discernible Equal Protection argument. (*Id*. ¶ 1.)

to civil proceedings. The Court reasoned that the nuisance proceeding at issue in *Huffman*, to which the state was a party, was "in important respects . . . more akin to a criminal prosecution than are most civil cases." *Id.* at 604. Later still, the Court further expanded *Younger* to civil cases in which a state is not a party, but which involve the authority of the state judicial system to enforce its orders and judgments. *See Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977) (applying *Younger* to challenges to civil contempt orders).

Next, in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 425 (1982), the Court addressed the applicability of *Younger* abstention to state bar administrative proceedings. The Court set out three factors in considering this question: "first, do state bar disciplinary hearings . . . constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432. After *Middlesex*, "courts demonstrated greater and greater willingness to abstain from adjudicating federal claims in deference to ongoing state proceedings" and "strictly and mechanically applied the three-part test from *Middlesex*."

*ACRA Turf Club*, 2014 WL 1272859, at *6.

In *Sprint*, however, relying on its most recent *Younger* decision, *New Orleans Public Service, Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989), the Court explained that *Younger* is not generally applicable to all cases that involve parallel state and federal proceedings. 134 S. Ct. at 590-91. Instead, the Court noted that federal intrusion into ongoing state proceedings is precluded, and abstention is warranted, only in three "exceptional circumstances": (1) "ongoing state criminal prosecutions"; (2) "certain civil enforcement proceedings"; and (3) "pending civil proceedings involving certain orders [that are] uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 591 (internal quotation marks and citations omitted). The Court further clarified that "[t]he three *Middlesex* conditions . . . [are] not dispositive; they [are], instead, *additional* factors appropriately considered by the federal court before invoking *Younger*." *Id.* at 593.

**B.     Application**

Here, the question before the court is whether the underlying state

proceeding, *Mokay*,³ fits within one of the three "exceptional circumstances" identified in *Sprint*. *Id.* at 591. Specifically, the court must determine whether *Mokay* fits within the second circumstance—civil enforcement proceedings.⁴ As explained below, the court concludes that it does.

As an initial matter, the Supreme Court's decisions applying *Younger* to instances of civil enforcement actions have generally concerned state proceedings "akin to a criminal prosecution" in "important respects." *Huffman*, 420 U.S. at 604; *see Middlesex*, 457 U.S. at 432 (holding that *Younger* abstention was appropriate where "noncriminal proceedings bear a close relationship to proceedings criminal in nature"). "Such enforcement

---

³ In his brief, Neroni contends that there are, in fact, two additional underlying state proceedings that are relevant to this analysis. (Dkt. No. 45 at 4-10.) Neroni's amended complaint, however, makes no mention of these two state proceedings, and instead, focuses solely on *Mokay*. (*See generally* Am. Compl.) Because the two additional state proceedings have no relevance to this action, the court does not consider them.

⁴ Defendants also contend that *Mokay* fits within the third circumstance identified in *Sprint*. (Dkt. No. 44 at 7-8.) Because defendants fail to point to any specific orders issued in *Mokay* that are "uniquely in furtherance of the state courts' ability to perform [its] judicial functions," *Sprint*, 134 S. Ct. at 591 (internal quotation marks and citations omitted), the court disagrees. Defendants do not argue that *Mokay* fits within the first circumstance.

actions are characteristically initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Sprint*, 134 S. Ct. at 592 (citing *Middlesex,* 456 U.S. at 433-34). The Court has also stated that "[i]n cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action." *Id.* (citations omitted). Further, "[i]nvestigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.* A final consideration is "whether the State could have alternatively sought to enforce a parallel criminal statute." *ACRA Turf Club*, 2014 WL 1272859, at *9.

As mentioned above, in *Mokay*, the children of Neroni's former client brought suit against him based on § 487 of the Judiciary Law. *Mokay*, 67 A.D.3d at 1210-12. N.Y. Judiciary Law § 487 provides, in relevant part:

> An attorney or counselor who: (1) [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefore by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

*Mokay*, therefore, was commenced in order to sanction Neroni for wrongful conduct—committing a fraud upon the court. *See Sprint*, 134 S. Ct. at 592.

Furthermore, in addition to the fact that the plain language of § 487

criminalizes deceitful or fraudulent conduct by attorneys, New York state courts have consistently recognized that § 487 is rooted in criminal law. *See Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 14 (2009) ("As this history shows, section 487 is not a codification of a common-law cause of action for fraud. Rather, section 487 is a unique statute of ancient origin in the criminal law of England."); *People v. Canale*, 240 A.D.2d 839, 841 (3d Dep't 1997) (noting that "there is a dearth of criminal cases brought under Judiciary Law § 487"); *Dupree v. Voorhees*, 876 N.Y.S.2d 840, 847 (N.Y. Sup. Ct. 2009) (stating that "the history of Judiciary Law § 487 is rooted in criminal law, not tort law"). Accordingly, the state could have sought to commence criminal proceedings under § 487. *See ACRA Turf Club*, 2014 WL 1272859, at *6; *Canale*, 240 A.D.2d at 841.

In fact, the judgment against Neroni in *Mokay* led directly to the filing of formal disciplinary charges and a proceeding brought by the state against Neroni, which culminated in Neroni's disbarment—another factor that nudges this court to lean toward abstention. *See In re Neroni*, 86 A.D.3d at 710-11 ("Respondent's misconduct was set forth in *Mokay v. Mokay*, 67 A.D.3d 1210, 889 N.Y.S.2d 291 [2009]."); *see also Sprint*, 134 S. Ct. at 592. Indeed, as the Supreme Court has noted, states "ha[ve] an

extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses" and "traditionally have exercised extensive control over the professional conduct of attorneys." *Middlesex*, 457 U.S. at 434.

As Neroni points out, however, *Mokay* was not state-initiated, nor was the state a party to the proceeding. (Dkt. No. 45 at 6.) Nevertheless, in *Sprint*, the Supreme Court stated only that "a state actor is *routinely* a party . . . and *often* initiates the action" in civil enforcement actions; it did not hold that this is a necessary element. *Sprint*, 134 S. Ct. at 592 (emphasis added). In fact, aside from this fact, *Mokay* bears much of the indicia of a civil enforcement proceeding as it is described in *Sprint*: (1) it was commenced to sanction Neroni for his wrongful conduct; (2) given the criminal element of § 487, the state could have brought a criminal action against Neroni based on the same conduct; and (3) it culminated, albeit through a separate action, in the filing of formal disciplinary charges and additional sanctions against Neroni.

Accordingly, *Mokay* is properly categorized as a civil enforcement proceeding, and the court may rightfully invoke *Younger*. Finally, because the court already found that *Mokay* meets the "additional" *Middlesex*

factors, (Dkt. No. 19 at 5-9); *Sprint*, 134 S. Ct. at 593 (emphasis removed), and finds no reason to disrupt that finding now, it is satisfied that it properly abstained from considering Neroni's constitutional claims in granting defendants' motion to dismiss.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that Neroni's amended complaint (Dkt. No. 12, Attach. 2) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 5, 2014
Albany, New York

*[signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court