**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**FREDERICK J. NERONI,**

**Plaintiff,**                                              **3:12-cv-1226**
                                                                   **(GLS/DEP)**

                     **v.**

**CARL F. BECKER et al.,**

**Defendants.**

_____

## ORDER

On April 24, 2017, plaintiff *pro se* Frederick J. Neroni moved

pursuant to Rule 60(b)(4) and (6) for an order vacating the court's previous

award of attorney's fees. (Dkt. No. 52.) In his submission, Neroni also

"demand[s]" that he be permitted to e-file (and further "demand[s] a

response to [his] request within a week of receipt"), or, if not permitted to e-

file, he makes additional "demand[s]" that would afford him extra time to

make future filings. (*Id.*, Attach. 1 at 1.) In support of his motion for relief

from the order and judgment, Neroni relies exclusively on what he

perceives to be changes in decisional law since the court awarded fees in

September 2013 as the basis of his request; he makes no attempt,

however, to show how or why the order and judgment is void under Rule

60(b)(4). (Dkt. No. 52 at 3-5.)

Having failed to offer any reason as to why the order and judgment is "void," Neroni's argument appears to fall in the catch-all of Rule 60(b)(6), which permits the court to grant relief for "any . . . reason that justifies relief" not covered by a different provision of Rule 60(b). "'[A]s a general matter, a mere change in decisional law does not constitute an 'extraordinary circumstance' for the purposes of Rule 60(b)(6),' and 'the interest in finality outweighs' the losing party's concern 'that justice was not done.'" *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (quoting *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004); *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353, 357 (2d Cir. 2013)). The motion, which seeks relief related to an issue decided more three and one-half years ago, (Dkt. Nos. 37, 38), is therefore denied. Consequently, Neroni's "demand" that he be permitted to e-file or received extra time for filing by mail is denied as moot inasmuch as this matter is closed and no further filings are necessary.

Accordingly, it is hereby

**ORDERED** that Neroni's motion (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to Neroni by

certified mail and to defendants in accordance with the Local Rules.

**IT IS SO ORDERED.**

May 10, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge